60 F.3d 824
 Pens. Plan Guide P 23911V
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert M. RAISTRICK, Plaintiff-Appellant,
v.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS PENSION PLAN, Defendant-Appellee.
 No. 94-2332.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 4, 1995.
Decided: July 6, 1995.
 
 ARGUED: James Robert Klimaski, Klimaski, Miller & Smith, P.C., Washington, DC, for Appellant. Sally Momsen Tedrow, O'Donoghue & O'Donoghue, Washington, DC, for Appellee. ON BRIEF: Lynn I. Miller, Klimaski, Miller & Smith, P.C., Washington, DC; Thomas Beckett, Durham, NC, for Appellant. John L. Bohman, John M. McIntire, O'Donoghue & O'Donoghue, Washington, DC, for Appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Albert M. Raistrick appeals a decision of the district court granting summary judgment to the International Association of Machinists and Aerospace Workers Pension Plan (the Plan) on his claim for pension benefits brought pursuant to Sec. 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), see 29 U.S.C.A. Sec. 1132(a)(1)(B) (West 1985). Raistrick claims that the district court erred in deciding that the Plan administrators had discretion to determine whether he was eligible to participate in the Plan and in concluding that the administrators did not abuse their discretion in finding that Raistrick was not eligible. We affirm.
 
 I.
 
 2
 Raistrick was employed as an aircraft fuel serviceman by Allied Aviation (Allied) in 1956 and soon thereafter joined the International Association of Machinists and Aerospace Workers (IAM). In 1976, he was appointed Vice President-at-Large for District Lodge 141.[1] In this position, he engaged in contract negotiation and handled a broad array of administrative tasks. Raistrick's duties occupied his full attention; consequently, during his 14-year tenure as Vice Presidentat-Large he spent little or no time on his employment at Allied. Like other vice presidents, Raistrick was compensated for his union activities on a "lost time" basis, i.e., IAM reimbursed him for hours spent away from his regular employment with Allied. Raistrick's benefits, vacation time, and seniority rights continued to accrue through Allied.
 
 
 3
 Shortly before he was scheduled to retire, Raistrick applied for benefits under the Plan, claiming that as a vice president he was entitled to participate under Sec. 1.1 of the Plan as a "person[ ] employed ... in a full[-]time capacity as elected president, secretary, dispatcher or organizer or like office or position as determined by the administrators." In May 1990, the Plan administrators denied his application on the basis that Raistrick was not employed in a full-time capacity within the meaning of the Plan. His internal administrative appeals were also denied.
 
 
 4
 Raistrick then filed this action in district court, alleging that the Plan administrators had unlawfully denied him benefits under the Plan. After discovery, both parties moved for summary judgment. The district court granted summary judgment to the Plan, concluding that the Plan administrators had not abused their discretion in determining that Raistrick was not eligible to participate in the Plan.
 
 II.
 A.
 
 5
 Raistrick first maintains that the decision of the Plan administrators should be reviewed de novo, rather than under an abuse of discretion standard, because the Plan did not grant discretionary authority to the Plan administrators. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) ("[A] denial of benefits challenged under Sec. 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator ... discretionary authority to determine eligibility for benefits or to construe the terms of the plan."); Hickey v. Digital Equip. Corp., 43 F.3d 941, 945-46 (4th Cir.1995). In response, the Plan argues that even if its administrators did not have discretion with respect to the ultimate denial of benefits, they did have discretion to construe the terms of Sec. 1.1. Therefore, it asserts, the Plan administrators' interpretation of the terms of this provision should be reviewed only for abuse of discretion.[2] We agree with the Plan that its administrators had discretion to construe the terms of Sec. 1.1. This section provides that an individual is eligible for participation in the Plan if he is employed by a district lodge "in a full[-]time capacity as elected president, secretary, dispatcher or organizer or like office or position as determined by the administrators." (Emphasis added.) Thus, the determination of whether an individual such as Raistrick is employed "in a full[-]time capacity ... in a like office or position" is left to the discretion of the Plan administrators, and their interpretation of this provision is reviewed only for abuse of discretion. Cf. Bali v. Blue Cross & Blue Shield Ass'n, 873 F.2d 1043, 1047 (7th Cir.1989) (provision allowing plan administrator to determine disability "on the basis of medical evidence satisfactory" to the administrator granted discretion as to type of evidence required to prove disability; de novo review of reasonable requests for documentation therefore inappropriate).
 
 B.
 
 6
 Having determined that the Plan administrators had discretion to construe the terms of Sec. 1.1, we next consider whether they abused their discretion in determining that Raistrick was not employed by IAM in a full-time capacity. The Plan administrators' interpretation of this term should not be disturbed if it is reasonable. de Nobel v. Vitro Corp., 885 F.2d 1180, 1187 (4th Cir.1989). Factors to be considered in determining whether an interpretation is reasonable include: (1) whether it "is consistent with the goals of the plan "; (2) whether it renders other language in the plan "meaningless or internally inconsistent"; (3) "whether the challenged interpretation is at odds with the procedural and substantive requirements of ERISA itself"; (4) "whether the provision[ ] at issue ha[s] been applied consistently"; and (5) whether the "interpretation is contrary to the clear language of the [p]lan." Id. at 1188 (citations and internal quotation marks omitted; last alteration in original).
 
 
 7
 The Plan contends that whether an individual is employed by IAM in a full-time capacity is not necessarily determined by whether he works 40 hours per week. Rather, an employee in a full-time capacity is one who has severed his employment relationship with his industry employer and receives both his salary and benefits from IAM. This position is supported by the facts that IAM did not make payments to the Plan on behalf of Raistrick or any other vice president; that Raistrick was eligible to receive pension benefits from Allied, his industry employer; and that any time Raistrick's union duties did not occupy his full attention he could have returned to his duties at Allied.
 
 
 8
 In addition, the Plan supported its motion for summary judgment with affidavits from several officers of IAM who categorically stated that individuals compensated on a lost time basis did not become employees in a full-time capacity merely because they spent their entire workday on union duties.
 
 
 9
 The reasonableness of this interpretation passes muster under the factors set forth in de Nobel and is in accord with "[t]he dispositive principle ... that where plan fiduciaries have offered a reasonable interpretation of [a] disputed provision[ ], courts may not replace [it] with an interpretation of their own--and therefore cannot disturb as an abuse of discretion the challenged benefits determination." Id. (internal quotation marks omitted; last alteration in original); see also Doe v. Group Hospitalization & Medical Servs., 3 F.3d 80, 85 (4th Cir.1993). Therefore, we conclude that the Plan administrators did not abuse their discretion in determining that Raistrick was not employed in a full-time capacity and that Raistrick's claim for bene fits was properly denied on this basis.[3] Accordingly, we affirm the decision of the district court granting summary judgment to the Plan.
 
 AFFIRMED
 
 
 [1]
 IAM is organized into the Grand Lodge--the international executive body of the union--and two organizational subdivisions, district lodges and local lodges
 
 
 [2]
 We note that the parties dispute which of two versions of the Plan governs Raistrick's claim for benefits. We need not resolve this dispute, however, because the language on which we rely for our decision is the same in both versions
 
 
 [3]
 Although Raistrick does not argue this point, we note that the Plan administrators may have been operating under a conflict of interest, see Hickey, 43 F.3d at 946, thereby warranting a less deferential review of the administrators' decision. Doe, 3 F.3d at 87; see also Bruch, 489 U.S. at 115. However, even if we were to conclude that a conflict exists, the administrators' interpretation of Sec. 1.1 "is consistent with an exercise of discretion by a fiduciary acting free of" a conflict of interest. Doe, 3 F.3d at 87